UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHELLE SPARTO<br>12131 Conrey Road<br>Cincinnati, OH 45249 | : <br> : <br> : <br> : | Case No. 1:21CV00021 <br><br> Judge |
| Plaintiff, | : | |
| vs. | : | |
| CHI HEALTH AT HOME D/B/A<br>AMERIMED<br>9961 Cincinnati Dayton Road<br>West Chester, OH 45069 | : <br> : <br> : <br> : <br> : | |
| Defendant. | : | |

___

**COMPLAINT AND JURY DEMAND**
___

Plaintiff Michelle Sparto, for her Complaint against CHI Health At Home d/b/a Amerimed ("Amerimed"), states as follows:

**I.  PRELIMINARY STATEMENT**

1. This action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et. seq.*, the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.*, and the Ohio Civil Rights Act, Ohio Rev. Code § 4112.01, *et. seq.* Ms. Sparto, a former employee of Amerimed, alleges that Amerimed interfered with her rights under the FMLA and discriminated against her under both the ADA and the Ohio Civil Rights Act by terminating her because of her disability and for using approved FMLA leave.

2. Ms. Sparto seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for her economic injuries, liquidated damages, compensatory damages for her non-economic injuries, equitable relief in the form of reinstatement with

accommodation or front pay, and punitive damages. Finally, Ms. Sparto seeks payment of her reasonable attorney fees and costs.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protections and redress deprivations of rights conferred by the ADA and FMLA. This Court may assume supplemental jurisdiction over Ms. Sparto's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from the same nucleus of operative facts as her federal claims.

4. Venue with this Court is appropriate because all or part of the claim for relief arose in the Southern District of Ohio.

## III. PARTIES

5. Plaintiff Michelle Sparto is a United States citizen and a resident of Hamilton County, Ohio.

6. Amerimed employed Ms. Sparto and is an Ohio corporation doing business in the Southern District of Ohio. Amerimed operates a pharmacy that provides services to home care infusion patients. Amerimed is an "employer" as that term is defined in the ADA.

## IV. ADMINISTRATIVE HISTORY

7. On March 9, 2020, Ms. Sparto filed an administrative charge of discrimination and retaliation against Amerimed with the Equal Employment Opportunity Commission (473-2020-00881). She alleged that Amerimed retaliated and terminated her because of her disability. The EEOC issued Ms. Sparto a Notice of Right to Sue on October 15, 2020. This action is brought within 90 days of receiving the right-to-sue notice.

## V. STATEMENT OF THE CASE

8. Amerimed hired Ms. Sparto in or about September 2015 as a Lead Pharmacist.

9. Ms. Sparto suffers from a panic disorder, which substantially limits the major life activities of thinking, breathing, communicating, and brain function. Ms. Sparto's panic disorder also constitutes a serious health condition.

10. In the spring of 2016, Ms. Sparto began to experience symptoms of her panic disorder and requested intermittent FMLA leave because of her panic disorder. Amerimed approved that request.

11. Shortly after Amerimed approved her FMLA leave, Ms. Sparto's supervisor, Tim Smith, began criticizing her for violating various Amerimed rules and policies, such as using profanity at her desk.

12. Many of Ms. Sparto's coworkers also used profanity in the workplace but were not disciplined.

13. In December 2018, Ms. Sparto elected to take continuous FMLA leave to care for her panic disorder at an inpatient treatment center.

14. Because Ms. Sparto was the Lead Pharmacist, she was listed as the primary contact for Amerimed's security provider. Whenever an alarm went off, at any time of day or night—for example, when the temperature in a refrigerator briefly went above or below a certain threshold—Ms. Sparto would be called on her personal cell phone, including while she was at the inpatient treatment center. This disrupted Ms. Sparto's sleep and exacerbated her panic disorder.

15. Ms. Sparto continuously requested that Amerimed remove her from the alarm contact list while she was on FMLA. Amerimed ignored her requests.

16. Ms. Sparto returned to work in February 2019.

17. Upon her return to work, Ms. Sparto requested a reasonable accommodation of not working night shifts. Amerimed approved that request.

18. Shortly after Amerimed approved Ms. Sparto's request to not work night shifts, Mr. Smith issued Ms. Sparto discipline for absenteeism.

19. Many of the absences Amerimed cited were for Ms. Sparto's disability.

20. Ultimately, Amerimed withdrew the discipline.

21. Despite approving Ms. Sparto's request to not work the night shift, her sleep continued to be disrupted and her panic disorder exacerbated by phone calls related to the security alarm. Ms. Sparto continued to request that Amerimed remove her from the contact list.

22. Amerimed did not remove Ms. Sparto from the contact list until October 30, 2019.

23. Ms. Sparto took a medical leave of absence on February 3 and February 4, 2020. When she returned to work on February 5, an independent auditor from a third-party company was performing an audit at Amerimed.

24. Once the audit was over, Sue Kuhn, Nurse Case Manager, asked Ms. Sparto to meet with her and Mr. Smith.

25. During the meeting, Ms. Kuhn accused Ms. Sparto of having a "bad attitude" with the auditor. Ms. Sparto denied the allegation.

26. At the conclusion of the meeting, Mr. Smith informed Ms. Sparto that she would be suspended indefinitely without pay.

27. On February 10, 2020, Mr. Smith advised Ms. Sparto to return to work.

28. Once she entered the facility, Mr. Smith told Ms. Sparto that Amerimed was terminating her employment for performance and disciplinary issues.

29. Ms. Sparto was terminated because of her disability and use of FMLA leave. Moreover, Amerimed's decision to terminate Ms. Sparto was motivated, overall, by her use of job protected leave.

30. As a direct and proximate result of Amerimed's unlawful actions, Ms. Sparto has suffered and continues to suffer economic injuries in the form of lost pay and benefits, as well as non-economic injuries, including emotional distress and pain and suffering.

## VI. STATEMENT OF CLAIMS

### Count 1: Disability Discrimination
### (42 USC § 12101 and Ohio Rev. Code § 4112.02)

31. Ms. Sparto incorporates paragraphs 1 through 30 as if fully rewritten herein.

32. Ms. Sparto suffers from a disability.

33. Ms. Sparto is qualified to perform the essential functions of her position with reasonable accommodations.

34. Amerimed terminated Ms. Sparto because of her disability and the accommodations she requested.

35. As a result of Amerimed's illegal actions, Ms. Sparto has suffered damages including lost wages and emotional distress.

36. Amerimed acted with malice and a conscious disregard for Ms. Sparto's federally protected rights.

### Count 2: Retaliation
### (42 USC § 12101 and Ohio Rev. Code § 4112.02)

37. Plaintiff incorporates paragraphs 1 through 36 as if fully rewritten herein.

38. Ms. Sparto engaged in protected activity when she requested reasonable accommodations.

39. Amerimed was aware of Ms. Sparto's protected activity.

40. Amerimed took adverse action against Ms. Sparto after she engaged in protected activity.

41. There is a causal connection between Ms. Sparto's protected activity and the adverse action Amerimed took against her.

42. As a result of Amerimed's actions, Ms. Sparto suffered damages, including lost wages and emotional distress.

43. Amerimed acted with malice and a conscious disregard for Ms. Sparto's federally protected rights.

### Count 3: Interference
### (29 U.S.C. § 2601)

44. Plaintiff incorporates paragraphs 1 through 43 as if fully rewritten herein.

45. Ms. Sparto was entitled to FMLA leave.

46. Amerimed interfered with Ms. Sparto's use of FMLA leave. Amerimed used Ms. Sparto's FMLA leave as a negative factor in the decision to terminate her employment.

47. As a result of Amerimed's actions, Ms. Sparto suffered damages, including lost wages and other economic harm.

48. Amerimed acted in bad faith.

### PRAYER FOR RELIEF

Wherefore, Ms. Sparto demands judgment against Amerimed as follows:

1. An award of compensatory damages for all economic damages suffered by Ms. Sparto in an amount to be determined at trial, plus interest;

2. An equal amount in liquidated damages;

3. An order reinstating Ms. Sparto to her previous position, inclusive of all pay increases and benefits to which she would have been entitled had she not been terminated, or in the alternative, an award of front pay;

4. An award of compensatory damages for all non-economic damages suffered;

5. An award of punitive damages;

6. An award of Ms. Sparto's reasonable attorney fees and costs; and

7. An award of any other relief in law or equity to which Ms. Sparto is entitled.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
Daniel J. Treadaway (OH No. 0098000)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com
dtreadaway@mezibov.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff Michelle Sparto demands a jury trial to resolve all issues of fact related to her Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)